ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO (CASB No. 201730)
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
858/674-6912
Fax: 760/789-8081
Email: Elizabeth@ArleoLaw.com

Attorneys for Plaintiff Robert W. Halterman

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. HALTERMAN,<br><br>        Plaintiff,<br><br>    vs.<br><br>SUNROAD AUTO, LLC; SUNROAD BCV AUTO, INC.; AND SUNROAD CV AUTO, INC. D/B/A TOYOTA CHULA VISTA,<br><br>        Defendants. | CASE NO. '15CV0048 MMA MDD<br><br>COMPLAINT FOR VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 *ET SEQ.*<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Robert W. Halterman ("Plaintiff") alleges as follows against defendants Sunroad Auto, LLC; Sunroad BCV Auto, Inc.; and Sunroad CV Auto, Inc. d/b/a Toyota Chula Vista ("Defendants") on information and belief formed after an inquiry reasonable under the circumstances as follows.

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by Plaintiff against a San Diego automobile dealership and its corporate owners for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"). The FCRA is structured as a list of permissible circumstances under which Credit Reporting Agencies may release consumer reports. The FCRA also governs the users of consumer reports – like Defendants. The purposes listed in the FCRA govern both users' ability to obtain consumer reports and also their use of those reports once they have been released. Plaintiff alleges that Defendants obtained Plaintiff's consumer reports in or about April, 2014 without a permissible purpose or use.

2. Pursuant to the FCRA, Plaintiff seeks actual, statutory and punitive damages payable by the Defendants. Plaintiff requests that the practices of Defendants, as described below, be declared to violate the FCRA and that Defendants be enjoined from such conduct in the future. Further, Plaintiff requests attorneys' fees and costs of suit.

3. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." The FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated, incomplete or otherwise unfairly reported information on their credit file.

4. The FCRA, under CONGRESSIONAL FINDINGS AND STATEMENT OR PURPOSE 15 U.S.C. § 1681(a)(4) reads in relevant part:

> *There is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, **and a respect for the consumer's right to privacy***. (Emphasis added.)

5. The FCRA, under CONGRESSIONAL FINDINGS AND STATEMENT OR PURPOSE 15 U.S.C. § 1681(b) reads in relevant part:

> *Reasonable procedures. It is the purpose of this title to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable **to the consumer** with regard to the **confidentiality**, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.* (Emphasis added.)

6. The strictly limited provisions set forth in section 1681b operate to support the confidentiality of consumer reports by limiting their dissemination. The statute governing "permissible purposes of consumer reports," FCRA 15 U.S.C. §1681b, provides in pertinent part:

> *(a) In general. Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances **and no other**.* (Emphasis added.)
>
> * * *
>
> *(f) A person shall not use or obtain a consumer report for any purpose unless [in accordance with the FCRA].*

7. Federal district courts have enforced this impermissible purpose provision of the FCRA. In *Stergiopoulos & Ivelisse Castro v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1047 (7th Cir. 2005), the United States Court of Appeals for the Seventh Circuit held that "[a] third party cannot troll for reports, nor can it request a report on a whim." In *Uhlig v. Berge Ford, Inc.,* 257 F. Supp 2d 1228, 1234 (D. Ariz. 2003), the plaintiff filed suit alleging that a car dealership violated §1681b(f) of the FCRA when the dealership had impermissibly initiated a credit inquiry. Finding a genuine issue of material fact, the district court rejected the car dealership's argument that its request was authorized and denied the car dealership's motion for summary judgment. In *Castro v. Union Nissan, Inc*., 2002 U.S. Dist. LEXIS 12917, 2002 WL 1466810 (N.D. Ill. July 8, 2002), the district court found that the car dealership could be liable under the FCRA for obtaining a spouse's consumer report without a permissible purpose.

8. In *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010), the United States Court of Appeals for the Ninth Circuit held that to qualify as a permissible purpose under §1681b(a)(3)(A), a "credit transaction must both (1) be a credit transaction involving the consumer on whom the information is to be furnished and (2) involve the extension of credit to, or review or collection of an account of, the consumer."

9. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create a private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In *DiMezza v. First USA Bank, Inc.*, 103 F.Supp.2d 1296, 1300 (D.N.M. 2000), the district court confirmed the consumers' private right action by stating:

> Absent any explicit limitation, the plain language of 15 U.S.C. §§1681n, 1681o, 1681s-2(b) and (c) provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. Furthermore, the negative inference of explicitly precluding a consumer's right of action for violations of §1681s-2(a) is that they are preserved in §1681s-2(b). Accordingly, the plain language of the [FCRA] compels the conclusion that there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information.

**JURISDICTION AND VENUE**

10. This Court has federal question jurisdiction over the FCRA claims pursuant to 15 U.S.C. §1681p.

11. The Defendants regularly conduct business in this district and the events described in this complaint arose in this district. Plaintiff is a permanent resident of San Diego, California.

**PARTIES**

12. Plaintiff, Robert W. Halterman is an individual consumer as defined in 15 U.S.C. §1681a(c).

13.     Defendant Sunroad Auto, LLC is a California limited liability corporation with its principal place of business in San Diego, California.

14.     Defendant Sunroad BCV Auto, Inc. is a California corporation with its principal place of business in San Diego, California.

15.     Defendant Sunroad CV Auto, Inc. d/b/a Toyota Chula Vista is a California corporation with its principal place of business in San Diego, California.

16.     Defendants are persons as defined in 15 U.S.C. §1681a(b).

17.     Whenever this complaint alleges that any defendant did any act or thing, it is meant that its directors, officers, agents, employees, or the directors, agents or employees of its subsidiaries, performed or participated in such act or thing, and in each instance that such act or thing was authorized or ratified by, and done on behalf of and under the direct control of that defendant.

18.     Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as their agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them is legally liable to the Plaintiff, as set forth below and herein:

(a)     Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this Complaint;

(b)     Said Officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

(c)     Said Officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

(d)     Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

(e)     Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

1           (f)    Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein.  They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff.  Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants.

19.    Defendants are liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified.

## DESCRIPTION OF THE CASE

20.    In April, 2014, Plaintiff visited Sunroad CV Auto, Inc. d/b/a Toyota Chula Vista and spoke with its salesman Alfonso Figueroa.

21.    After looking at some trucks on the lot, Plaintiff made statements to Mr. Figueroa which indicated that Plaintiff was not ready to purchase any vehicle and that, if and when Plaintiff ever decided to purchase a vehicle, Plaintiff would use cash instead of credit.

22.    During the visit, Plaintiff did not drive any vehicle, sign any documents, or provide his social security number to Sunroad CV Auto, Inc. d/b/a Toyota Chula Vista.

23.    When Plaintiff left the dealership, no transaction had been initiated, including any credit transaction for an auto loan.

24.    On or about April 22, 2014, Sunroad CV Auto, Inc. d/b/a Toyota Chula Vista obtained Plaintiff's consumer reports from the credit reporting agencies, Equifax, TransUnion and Experian.

25.    On or about May 16, 2014, Plaintiff received from Sunroad CV Auto, Inc. d/b/a Toyota Chula Vista, a *Notice of Adverse Action* stating, in part:

> Thank you for your recent interest in purchasing or leasing a vehicle at Toyota Chula Vista.  This letter is being sent to you because you were either denied credit or offered credit at lower terms than what you applied for based on your recent credit inquiry for a vehicle.

26.     Within days, Plaintiff called Sunroad CV Auto, Inc. d/b/a Toyota Chula Vista to complain that it impermissibly initiated a credit inquiry and spoke to a person who identified himself only as the General Manager of the dealership.  That person made statements which confirmed that the dealership obtained Plaintiff's consumer report without permission, but stated that the dealership had "made a mistake" in obtaining the report.  The General Manager failed and refused to repudiate Defendants' conduct as alleged herein, and failed to redress the harm done to Plaintiff.

27.     Defendants violated 15 U.S.C. §1681 by running credit inquiries into Plaintiff's consumer credit reports maintained by and with one or more of the three major credit reporting agencies, Experian, Equifax and TransUnion, without Plaintiff's knowledge and authorization, and without having permissible purposes for conducting a credit review as defined under 15 U.S.C. § §1681b. Specifically, by Sunroad CV Auto, Inc. d/b/a Toyota Chula Vista's on April 22, 2014.

28.     Defendants violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff.  Plaintiff had not requested reports from Defendants for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under 15 U.S.C. §1681.  Defendants' credit reviews resulted in credit inquiries, which are reflecting on Plaintiff's credit reports until today which detrimentally affects Plaintiff's creditworthiness, inherent credit reputation and credit scores.

29.     At or about the time Defendants initiated the credit pulls of Plaintiff's consumer report:

(a)     Plaintiff did not authorize any consumer reporting agency to furnish his consumer report to Defendants.

(b)     Plaintiff did not authorize Defendants to obtain her consumer reports from any consumer reporting agency.

(c)     Plaintiff did not apply for any credit, loans, or services with Defendants.

(d)     Plaintiff did not have any contractual relationship for credit, loans or services with Defendants.

(e)     Plaintiff did not owe any debts to any of the Defendants.

(f) Plaintiff did not owe any debt as a result of a judgment to any of the Defendants.

(g) Plaintiff did not apply for any employment with Defendants.

(h) Plaintiff did not apply for any insurance from Defendants.

(i) Plaintiff did not have any existing account(s) within the meaning of the Electronic Fund Transfer Act, §903(2), pursuant to 15 U.S.C. §1681a(f)(4) stating, in relevant part: "the term 'account' means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an 'open end credit plan' as defined in section 16029I0 of this title), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement." "the terms 'open end credit plan' and 'open end consumer credit plan' mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance" or credit obligation with Defendants.

(j) Plaintiff did not have any jurisdiction issue an order to any credit reporting agency to furnish Plaintiff's consumer report to Defendants.

(k) No head of State or local child support enforcement agency requested credit reporting agencies to provide Plaintiff's consumer reports to Defendants.

(l) No agency administering a State plan under Section 454 of the Social Security Act (42 U.S.C. §654) requested any credit reporting agency to provide Plaintiff's consumer report to Defendants.

(m) Plaintiff did not apply for any license or other benefit granted by a government instrumentality through Defendants.

(n) Plaintiff did not receive any "firm offer of credit or insurance" from Defendants.

30. Defendants violated 15 U.S.C. §1681 by ignoring Plaintiff's written disputes and requests to correct the unauthorized credit inquiries.

31. Experian's consumer report dated June, 2014 states, in part: "Inquiries shared with others The section below lists all of the companies that have requested your credit information as a result of an action you took, such as applying for credit or financing or as a result of a collection. The inquiries in this section are shared with companies that receive your credit history. Example of inquiries share with others include: - a real estate loan – a home mortgage loan – an auto loan – an application for credit …. 700 CREDIT/TOYOTA CHULA 650 MAIN ST CHULA VISTA CA 92911 … **Date** Apr 22, 2014 **Reason** Auto loan. This inquiry is scheduled to continue on record until May 2016."

32. TransUnion's consumer report dated June, 2014 states, in part: "Additional Information The following disclosure of information is provided as a courtesy to you. This information is not part of your TransUnion credit file, but may be provided when TransUnion receives an inquiry about you from an authorized party … Inquiry Analysis The companies that request your credit report must first provide certain information about you. Within the past 90 days, companies that requested your report provided the following information. … "Toyota of Chula Vist [sic] via 700CR/TOYOTA CHULA VISTA" provided Plaintiff's "[i]dentifying information" and "Requested On: 04/22/2014."

33. Equifax's consumer report dated June, 2014, states, in part: "[i]nquiries that display to companies (may impact your credit score) This section lists companies that requested your credit file. Credit grantors may view these requests when evaluation your credit worthiness. … Toyota Chula Vista/Scion, 650 Main St Chula Vista, CA 91911-6120.  Inquiry Date(s) 04/22/2014"

34. In or about August, 2014, Plaintiff, through his undersigned counsel, sent a letter to Defendants setting forth Defendants' violation of the FCRA, indicating that Plaintiff wanted Defendants to delete the violative inquiries from Plaintiff's consumer reports, and asking Defendants to redress the harm caused to Plaintiff. Defendants responded through their attorneys. Defendants failed to act, refused to repudiate Defendants' conduct as alleged herein, failed to delete the credit inquiries to avoid further damage to Plaintiff's credit reports and otherwise failed to redress the harm done to Plaintiff. After multiple correspondences between Plaintiff's and Defendants' counsel, including written communications exchanged through December 24, 2014, Defendants continue to

1  maintain the record of unauthorized credit inquiries on Plaintiff's consumer reports were the result of a mistake but fail to provide sufficient, factual information or documents to support any 'reasonable procedures' defense.

35.   In or about August, 2014, Plaintiff sent letters to each of the credit reporting agencies, addressing the unauthorized credit reviews and requesting deletion from Plaintiff's consumer report, the April 22, 2014 credit inquiries from Sunroad CV Auto, Inc. d/b/a Toyota Chula Vista. After receiving Plaintiff's letters, both Experian and Equifax conducted their re-investigations and declined to remove from Plaintiff's consumer reports Defendants' April 22, 2014 inquiry.

36.   Equifax's August 28, 2014 response to Plaintiff states, in part: "**We have reviewed the inquiry information. The results are:** Inquiries are a matter of record of all companies that have accessed your credit file. If you have additional questions about this item please contact: **Toyota Chula Vista/Scion, 650 Main St, Chula Vista CA 91911-6120**"

37.   Experian's September 2, 2014 response to Plaintiff states, in part: "Inquiries from credit grantors who request your credit information as part of your application for credit will display under the heading 'Inquiries shared with others' on your personal credit report. These inquiries display on your credit report when it is accessed by others with a permissible purpose. These inquiries may affect your credit score."

38.   TransUnion's August 27, 2014 response to Plaintiff states, in part: "The inquiries listed on your credit report are a record of the companies that obtained your credit information. All inquiries remain on your credit report for two years."

39.   Via a letter dated October 31, 2014 from Plaintiff's counsel to Defendants' counsel, Defendants were informed of the results of Plaintiff's efforts to write to each of the credit reporting agencies to request Defendants' inquiries be deleted from Plaintiff's consumer report.

40.   Defendants' misconduct is not an isolated instance. The Better Business Bureau, San Diego ("BBB") website lists a consumer complaint made filed on March 24, 2014, against Sunroad CV Auto, Inc. d/b/a Toyota Chula Vista for pulling that consumer's report without a permissible purpose. That consumer's BBB complaint, states that Toyota Scion Chula Vista "took my name and address and ran my credit without my knowledge or permission." The BBB website states that in

response to the March 24, 2014 BBB complaint, Toyota Scion Chula Vista's "General Sales Manager has already explained to the customer that there was a system error and apologized for the inconvenience." The BBB complaint indicates Defendants' pattern and practice of obtaining consumer credit reports without permission. It also demonstrates that Defendants were on notice of any system error prior to impermissibly obtaining and using Plaintiff's credit report on April 22, 2014 without a permissible purpose.

41. Despite Plaintiff's efforts, each of the Defendants willfully, intentionally, recklessly and negligently obtained Plaintiff's consumer report without a permissible purpose in violation of the FCRA, at 15 U.S.C. §1681b(f).

42. As a result of Defendants' conduct, Plaintiff has suffered:

(a) Actual damages and serious financial harm arising from monetary losses relating to denials to new credit, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges;

(b) Out of pocket expenses associated with communicating with Defendants, disputing the unauthorized credit inquiry, as well as costs associated with consulting attorneys and other professionals to obtain information and advice about consumer rights credit reporting and use;

(c) Emotional distress and mental anguish associated with having his credit information unlawfully reviewed and having derogatory information transmitted about Plaintiff to other people both known and unknown; and

(d) Decreased credit score and creditworthiness, damage to Plaintiff's inherent credit reputation, which has and may continue to result in Plaintiff's inability to obtain credit, employment or housing on future attempts.

## FIRST CAUSE OF ACTION

**(Violations of the Fair Credit Reporting Act Against Each Defendant)**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. In committing the acts against Plaintiff as alleged above, Defendants subjected Plaintiff to unfair credit reporting practices. Their violations include at least the following: obtaining, reviewing and using Plaintiff's credit report from the credit reporting agencies without having a permissible purpose required under the FCRA, at 15 U.S.C. §1681b.

45. Based on information and belief, the credit reviews and credit inquiries were used as business tactics by Defendants to prospect potential buyers of automobiles from their auto dealerships with intent to obtain information and thereby gain an unfair advantage over Plaintiff and/or harm Plaintiff's good name and credit rating. The accusations stated in this cause of action directly relate to the allegations asserted through this complaint.

46. As a result of these unauthorized and violative actions by Defendants mentioned above, Plaintiff has suffered damages and is entitled to actual damages, punitive damages as the court may allow as well as reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681(n).

**PRAYER FOR RELEIF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

1. Declaratory judgment that Defendants' practices violate the FCRA.
2. Actual, statutory and punitive damages;
3. Injunctive relief;
4. Costs and reasonable attorneys' fees; and
5. Such other or further relief as the Court deems just and proper.

Dated: January 9, 2015                    Respectfully Submitted,

ARLEO LAW FIRM, PLC


_____*/s/Elizabeth J. Arleo*_____
ELIZABETH J. ARLEO

-11-
COMPLAINT FOR VIOLATIONS OF FCRA AND DEMAND FOR JURY TRIAL

|   |   |
|---|---|
| 1 | 16870 West Bernardo Drive, Suite 400 |
| 2 | San Diego, CA 92127<br>858/674-6912 |
| 3 | Fax: 760/789-8081<br>Email: Elizabeth@ArleoLaw.com |
| 4 | Attorneys for Plaintiff Robert W. Halterman |

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: January 9, 2015        ARLEO LAW FIRM, PLC


                             */s/Elizabeth J. Arleo*
                             ELIZABETH J. ARLEO

16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
858/674-6912
Fax: 760/789-8081
Email: Elizabeth@ArleoLaw.com

Attorneys for Plaintiff Robert W. Halterman